# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **STEPHANIE JACOBS**, <br><br> Plaintiff, <br><br> v. <br><br> **NOT-FOR-PROFIT HOSPITAL CORPORATION**, <br><br> Defendant. | Case No. 1:17-cv-00391 (TNM) |

## MEMORANDUM OPINION

Plaintiff Stephanie Jacobs alleges that Defendant Not-For-Profit Hospital Corporation (the "Hospital") denied her leave to which she was legally entitled and subjected her to harassment, whistleblower retaliation, and wrongful termination. Before me is the Hospital's Motion to Dismiss, which argues that Ms. Jacobs has failed to provide sufficient factual support for her allegations, has not filed her claims within the applicable statutes of limitation, and has entered a settlement agreement with the Hospital that covers the conduct at issue in this case. Because the settlement agreement prevents me from taking jurisdiction over this matter, the Hospital's Motion to Dismiss will be granted.

### I.     BACKGROUND

Ms. Jacobs was a Registered Nurse employed by the Hospital until her termination on September 3, 2014. *See* Am. Compl. Ex. 7. On that date, the Hospital sent Ms. Jacobs a letter stating, "because of no call, no show for a period greater than 90 days, [the Hospital] is dissolving our employer/employee relationship, effective Wednesday, September 03, 2014." *Id.* at Ex. 3. On February 8, 2016, Ms. Jacobs signed a settlement agreement releasing the Hospital "from all claims of any type to date, known or unknown, suspected or unsuspected, arising out of

anything to do with [her] employment and/or termination of that employment, to the fullest extent allowed by law." *Id.* Ex. 13 at 2, 4. The agreement informed her, "After you sign this Agreement, you have 7 days to revoke it by providing written notice to [the Hospital] representative signing below. This agreement is not effective or enforceable until the revocation period expires." *Id.* at 4. The Hospital's representative signed the agreement on February 16, 2016, when the revocation period expired. *Id.*

On February 3, 2017, Ms. Jacobs filed a complaint against the Hospital in the Superior Court for the District of Columbia. The Hospital removed the case to this Court on March 3, 2017, and filed a Motion to Dismiss on March 10, 2017.[1] Ms. Jacobs filed an amended complaint, which moots the original Motion to Dismiss and to which the Hospital has not objected. The amended complaint asserts that: (1) In August of 2013 and January of 2014, Ms. Jacobs was improperly denied leave to which she was entitled under the Family Medical Leave Act (FMLA), Am. Compl. at 2; Am. Compl. Ex. 1-2;[2] (2) In September and December of 2013, Ms. Jacobs reported experiences of harassment that violated the D.C. Human Rights Act (DCHRA), Am. Compl. Ex. 9-11, 14; (3) Ms. Jacobs has been subjected to whistleblower

---

[1] Removal was timely under 28 U.S.C. § 1446(b)(1), which authorizes removal within 30 days of service. The Hospital's Motion to Dismiss was timely under Federal Rule of Civil Procedure 81(c)(2)(C), which requires an answer within 7 days of removal, and its filing suspended the deadline to answer. *See* Fed. R. Civ. P. 12(a)(4). Although the Hospital may not have answered within the time required by the rules of the Superior Court of the District of Columbia, it has complied with the Federal Rules, which apply in this case after its timely removal. Accordingly, Ms. Jacobs is incorrect in claiming that she is entitled to default judgment. *See* Am. Compl. at 1.

[2] Ms. Jacobs's subsequent filings allege that she was also denied leave in violation of the FMLA in August of 2014 and intermittently until her termination on September 3, 2014. Opp. to Mot. Dismiss at 2; Sur-Reply to Mot. Dismiss at 3.

retaliation in various forms, Am. Compl. at 5; and (4) Ms. Jacobs's 2014 termination was wrongful, *id.* at 3.[3] The Hospital's renewed Motion to Dismiss is now before me.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and therefore "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Accordingly, jurisdiction is a prerequisite that must be satisfied before proceeding to the merits, and a federal court must dismiss any action over which it determines that it lacks jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007); *see also* Fed. R. Civ. P. 12(h)(3). On a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). A plaintiff may rely on facts outside the pleadings to satisfy this burden, as "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). The Court construes *pro se* filings liberally, holding them

---

[3] Ms. Jacobs's amended complaint contains the following sentence: "WRONGFUL TERMINATION, BREACH OF ALLEGED CONTRACT AGREEMENT-FORMALLY KNOWN AS GENERAL RELEIF (sic) AGREEMENT/CONTRACT, and WHISTLEBLOWER RETALIATION hereby submits this AMENDED COMPLAINT and REQUEST to Deny Defendant's Motion to Dismiss." Am. Compl. at 1 (emphasis omitted). The reference to a contract known as general relief appears to be a reference to the general release in the settlement agreement, which Ms. Jacobs says "was breached, revoked by the Plaintiff but ignored by the Defendant." *Id.* at 6. Thus, Ms. Jacobs appears to raise breach of contract in anticipation of the Hospital's argument that the settlement agreement bars her action, and not as an independent basis for seeking damages. To the extent that this sentence could be construed to raise a breach of contract claim, this claim will be dismissed under Federal Rule of Procedure 12(b)(6) for failure to state a claim.

3

"to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. ANALYSIS

The existence of a valid settlement agreement generally moots a legal action between the parties to the agreement to the extent that the agreement covers the subject matter of the action. *Aulenback, Inc. v. Fed. Highway Admin.*, 103 F.3d 156, 161 (D.C. Cir. 1997) (citing 13A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3433.2 at 233). Federal courts lack jurisdiction over a matter that has been settled because, after settlement, the matter does not present an actual controversy suitable for judicial resolution. *Gould v. Control Laser Corp.*, 866 F.2d 1391, 1392-93 (Fed. Cir. 1989) (citing 13A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 3533.2 at 233-35); *see also Aulenback*, 103 F.3d at 161 (describing how settlement moots a case in light of the Article III requirement of "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality") (emphasis omitted).

The parties to this case signed a settlement agreement that covers the subject matter of this action. The agreement, signed by Ms. Jacobs on February 8, 2016, and by the Hospital's representative on February 16, 2016, releases the Hospital from "all claims of any type to date, known or unknown, suspected or unsuspected, arising out of anything to do with [her] employment and/or termination of that employment, to the fullest extent allowed by law." Am. Compl. Ex. 13 at 2, 4. Ms. Jacobs's FMLA, DCHRA, and wrongful termination claims arise from her employment and the termination of her employment in 2013 and 2014, prior to the date that she signed the settlement agreement. Ms. Jacobs's whistleblower retaliation claim appears to arise from her employment, which terminated in 2014: Although Ms. Jacobs has not

4

specifically identified any whistleblowing activity in which she engaged and on account of which she believes she suffered retaliation, her amended complaint could be liberally construed to allege retaliation for her reports of workplace harassment, which were made in 2013.[4]

Ms. Jacobs does not dispute that the settlement agreement covers the subject matter of this action. Instead, she disputes the agreement's enforceability on several grounds. *See id.* at 3-6; Opp. to Mot. Dismiss at 4-7; Sur-Reply to Mot. Dismiss at 4-6. First, Ms. Jacobs argues that the settlement agreement is merely a draft because the Hospital's representative did not sign the agreement until the end of the revocation period, when the agreement was to take effect. Am. Compl. at 3-4; Opp. to Mot. Dismiss at 5; Sur-Reply to Mot. Dismiss at 5-6. By its own terms, the settlement agreement was to become operative on February 16, 2016, when the revocation period expired. Am. Compl. Ex. 13 at 4. The Hospital's representative added his signature to Ms. Jacobs's signature on that day, making the agreement effective. *See id.* Even had the Hospital's representative signed at a later date, the signature would have made the agreement retroactively effective as of February 16, 2016. *See Brewer v. Nat'l Surety Corp.*, 169 F.2d 926, 928 (10th Cir. 1948) ("It is competent for the parties to agree that a written contract shall take

---

[4] The timing of the alleged retaliation is unclear, but a few of Ms. Jacobs's allegations appear to concern ongoing conduct at least some of which would post-date the settlement agreement. *See* Am. Compl. at 5 ("The Plaintiff have (sic) been unable to visit any District of Columbia Government buildings without being ridiculed and mistreated since FMLA claim was opened at the Office of Human Rights."); *id.* ("Unable to obtain employment."); *id.* ("Receiving annoy (sic) calls on regular bases (sic). I am being monitored daily."). To the extent that any of the alleged retaliation post-dates the settlement agreement and is not covered by it, Ms. Jacobs's retaliation complaint will be dismissed for failure to state a claim because she has not made "factual allegations that, if proved, would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The defendant in this case is the Hospital, and Ms. Jacobs has not provided any basis for inferring that the Hospital was responsible for any acts committed against her. *See* Am. Compl. at 5.

5

effect as of a date earlier than that on which it was executed, and when this is done, the parties will be bound by such agreement."); *Sharpe v. American Acad. of Actuaries*, 17-258, 2018 WL 400756, at *3 n.4 (D.D.C. Jan. 12, 2018) ("Parties are, of course, free to contract a certain date to be the effective date of an agreement, regardless of the actual date of execution.").

Second, Ms. Jacobs argues that the settlement agreement fails to reflect mutual agreement because she thought the "vague" and "ambiguous" phrase "7 days to revoke" meant seven business days, exclusive of weekends and holidays. Am. Compl. at 4-5; Opp. to Mot. Dismiss at 6; Sur-Reply to Mot. Dismiss at 5-6. The phrase "7 days to revoke" clearly and unambiguously specifies the length of the revocation period to be seven days, particularly when read in contrast to the same agreement's use of the phrase "ten (10) business days" to describe the period of time within which the Hospital's payment was due to Ms. Jacobs.[5] *See* Am. Compl. Ex. 13 at 1. Moreover, Ms. Jacobs has submitted documentation indicating her prior understanding that the revocation period expired on February 15, 2016. *See* Opp. to Mot. Dismiss Ex. 24.

Third, Ms. Jacobs argues that she attempted to revoke the settlement agreement. Am. Compl. at 4-5; Opp. to Mot. Dismiss at 5-6; Sur-Reply to Mot. Dismiss at 4-6. However, Ms. Jacobs has not alleged that her attempts to revoke took place during the revocation period. Nor has she submitted any documentation to show that she sought to revoke the agreement in a timely writing sent to a representative of the Hospital as the revocation provision of the agreement requires. To the contrary, Ms. Jacobs has submitted documentation showing that she

---

[5] Relatedly, Ms. Jacobs argues that federal and District of Columbia law exclude weekends and holidays "for business purposes." Am. Compl. at 5; Opp. to Mot. Dismiss at 7; Sur-Reply to Mot. Dismiss at 6. This appears to be a reference to the rules for calculating court filing deadlines that are stated as a period of time, but these rules do not govern deadlines established by private agreement. In any event, federal and District law do not make the settlement agreement's provision of "7 days to revoke" ambiguous.

6

wanted the agreement enforced on February 22, 2016, seven days *after* the revocation period ended. *See* Opp. to Mot. Dismiss Ex. 24 (email from Ms. Jacobs on February 22, 2016 seeking payment pursuant to the settlement agreement).

Fourth, Ms. Jacobs argues that the Hospital breached the settlement agreement when she refused to accept payment and the Hospital "insisted to make an electronic payment rather than a paper check." Am. Compl. at 5; Opp. to Mot. Dismiss at 7; Sur-Reply to Mot. Dismiss at 6. However, the documentation Ms. Jacobs has provided shows that she requested payment rather than refusing it, that the Hospital sought to make the payment, that the Hospital prepared checks for her, and that she expressed her willingness to provide bank information for an electronic deposit. *See* Opp. to Mot. Dismiss Ex. 23-26. In sum, none of Ms. Jacobs's arguments show that the settlement agreement is unenforceable. Accordingly, I cannot take jurisdiction over Plaintiff's claims.[6]

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be granted and the case will be dismissed. A separate order will issue.

Date: January 24, 2018

TREVOR N. MCFADDEN
United States District Judge

---

[6] Because I cannot take jurisdiction, I cannot reach the merits of the Hospital's alternative arguments regarding the statute of limitations and the lack of factual support for Ms. Jacobs's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).